10-1296-ag
Hu v. Holder

BIA
A073 610 174

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2ⁿᵈ day of February, two thousand eleven.

PRESENT:

> GUIDO CALABRESI,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

Mingguang Hu, also known as Ming Guang Hu,

> *Petitioner*,

v.                                          10-1296-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, OIL,

> *Respondents*.

_____

FOR PETITIONER:         Wendy Tso, New York, New York.

FOR RESPONDENTS:        Tony West, Assistant Attorney
                        General; Jennifer Paisner-Williams,
                        Senior Litigation Counsel; Yedidya
                        Cohen, Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mingguang Hu, a native and citizen of the People's Republic of China, seeks review of a March 18, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Hu*, No. A073 610 174 (B.I.A. Mar. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Hu's motion to reopen as untimely and number-barred because his motion was filed in November 2009, almost thirteen years after the entry of his December 1996 final order of removal and it was his second motion to reopen. *See id.; see also* 8 C.F.R. § 1003.2(c)(2).

The BIA reasonably concluded that Hu failed to establish changed country conditions such that the time and

2

number limits on his motion to reopen should be excused. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). As an initial matter, we decline to review Hu's unexhausted claim that he established changed country conditions with regard to China's family planning policy. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that petitioners must raise to the BIA the specific issues they later raise in this Court); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (holding that, although not jurisdictional, the judicially imposed exhaustion requirement is mandatory).

As to Hu's claim of worsening conditions for Christians, the evidence Hu submitted in support of his motion indicated ongoing persecution against Christians in China. However, Hu fails to point to evidence in the record establishing that the Chinese government's current treatment of Christians differed from their treatment at the time of his merits hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec 247, 253 (BIA 2007) (finding that, "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Therefore, substantial

evidence supports the BIA's determination that Hu failed to establish changed country conditions. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's factual findings under the substantial evidence standard).

Furthermore, there is no merit to Hu's argument that he was not required to show changed country conditions in order to excuse the time and number limitations on his motion to reopen. *Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d Cir. 2008) (holding that the BIA reasonably interpreted the Immigration and Nationality Act and its implementing regulations to require that "an alien under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with th[e] procedural requirements [for filing such motions]").

Lastly, because Hu does not challenge the BIA's finding that he failed to demonstrate due diligence in pursuing his ineffective assistance of counsel claim, we find that issue waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will

4

not be addressed on appeal).  As Hu failed to challenge this finding, which is dispositive of his ineffective assistance of counsel claim, his claim of ineffective assistance provides no basis for a grant of the petition for review. *See Ali*, 448 F.3d at 517 (holding that an individual seeking to reopen his case is required to show that he "exercised due diligence in pursuing the case during the period [he] seeks to toll"); *see also Steevenez v. Gonzales*, 476 F.3d 114, 118 (2nd Cir. 2007) (denying a petition for review because petitioner failed to challenge a dispositive ground for relief).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5